FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 08 2011 ★

**LAW OFFICES OF**
**O'KEKE & ASSOCIATES, P.C.**
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 855-9595
Attorneys for plaintiff

**CV11 - 5472**

------------------------------------X
ARNOLD GREEN                        : UNITED STATES DISTRICT COURT
                                    : EASTERN DISTRICT OF NEW YORK
            Plaintiff,              :
                                    : CASE No.: _____ TOWNES, J.
    against                         :
                                    : CIVIL ACTION
                                    :
THE CITY OF NEW YORK,               : **COMPLAINT**
"JOHN DOE" AND "JANE DOE"           :
1'through'3 inclusive,              : **PLAINTIFF DEMANDS**
the names of the last defendants    : TRIAL BY JURY  POHORELSKY, M.J.
being fictious, the true names      :
of the defendants being unknown     :
to the plaintiff.                   : **SUMMONS ISSUED**
                                    :
            Defendant(s).           :
------------------------------------X

    TAKE NOTICE, the Plaintiff, Arnold Green, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon them at the address below in this matter.

    Plaintiff, Arnold Green, by his attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, and "John Doe" and "Jane Doe" 1'through'7 collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the

law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the excessive force and negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendants "John Doe" and "Jane Doe" 1'through'3 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## **FACTUAL ALLEGATIONS**
## **COMMON TO ALL CAUSES OF ACTION**

9. On or about March 19, 2010, at approximately 9:00AM, defendants' "John Doe" and "Jane Doe" 1'through'3 employed with the New York City Police Department and assigned to the 90th Precinct, without probable cause and or justification, arrested the plaintiff Mr. Green as he walked to the store near Humboldt Street and Maujer Street in Brooklyn, New York. Ms. Brown was falsely charged with 'obstruction of justice'.

10. Prior to and after effecting the illegal arrest against Mr. Green, left his home and walked to the store near Humboldt Street and Maujer Street in Brooklyn, New York. As Mr. Green proceeded to the store three (3) plainclothes officers on bicycles without any notice stopped Mr. Green. He was handcuffed and placed in a police vehicle, then taken to the 90th precinct. There, he was pedigreed, strip searched and then transported to the Criminal Court, Central Booking Division. Plaintiff was never offered or given any food or drink at the precinct. Approximately three days later Mr. Green was taken to central booking, fingerprinted, photographed and placed in a cell with numerous unknown males. Mr. Brown was then released on Monday, March 22, 2010 at 12am.

11. During the arrest the plaintiff was not allowed to make any phone calls or contact anyone during the entire time. All charges were eventually dismissed against the plaintiff.

12. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge, use excessive force to assault and incarcerate plaintiff just to intimidate plaintiff.

13. That at no time during the arrest was plaintiff read his Miranda rights or allowed to make a phone call or inform his family or his job that he had been arrested.

14. That the plaintiff was maliciously prosecuted for almost two years without any just cause or reason and defendants knowledge that plaintiff was fully innocent of the charges.

15. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made, or engage in any conduct which in any way justified the brutal, malicious and unlawful actions of the police.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts some or all of which may be permanent.

17. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, psychological and emotional distress, some or all of which may be permanent.

19. As a direct and proximate result of her unlawful detention, assault, confinement, Plaintiff has lived in terror of her attack, she continues to suffer from nightmares, is fearful of going outside and when she sees the police, she suffers various emotional attacks, in addition, she has been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

20. As a direct and proximate result of defendants' actions, plaintiff was arrested, detained without just or probable cause.

21. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

22. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to

properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

23. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

24. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

25. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

26. The actions of defendants were malicious, unlawful and directed at depriving the plaintiff of his constitutional rights.

27. This action has been commenced within Three years after the happening of the event upon which the claim is based.

## **AS A FIRST CAUSE OF ACTION:**

42 U.S.C Section 1983-against Defendants Officers

28. Plaintiffs hereby restates paragraphs 1-28 of this complaint, as though fully set forth below

29. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Defendant Officer, deprived Plaintiff of her rights, remedies,

privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

30. In addition, the Defendant officer conspired with her colleagues to deprive plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The Defendant Officer acted under pretense and color of state law and in his individual and official capacities and within the scope of his respective employment as a NYPD Officer. Said acts by the Defendant Officer was beyond the scope of his jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

Assault, Battery and Excessive Force--all Defendants

33. Plaintiff hereby restates paragraph 1-33 of this complaint, as though fully set forth below

34. In using excessive force, physically assaulting, handcuffing, threatening, sexually violating, intimidating plaintiff, the Defendant Officer, acting in her capacity as a NYPD Officer, and within the scope of her employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

35. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

36. Plaintiff hereby restates paragraph 1-39 of this complaint, as though fully set forth below

37. The Defendant Officer wrongfully and illegally detained, and imprisoned the Plaintiff.

38. The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

39. At all relevant times, the Officer Defendant acted with excessive force in apprehending, detailing, and imprisoning the Plaintiff.

40. During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, and detained.

41. Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of her liberty, and imprisoned.

42. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff.

43. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

44. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FOURTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress-all Defendants

46. The Plaintiff hereby restates paragraph 1-46 of this complaint, as though fully set forth below.

47. The Defendant Officer engaged in extreme and outrageous conduct, intentionally, Negligently and/or recklessly causing severe emotional distress to plaintiff.

48. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

49. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants Officers, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondent superior.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

51. Plaintiff hereby restates paragraph 1-51 of this Complaint, as though fully set forth below.

52. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

53. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable,

prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

54. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

55. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

56. Upon information and belief, because of the defendants' City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at

trial; and

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:   November 8, 2011
         Brooklyn, New York

                          Respectfully Submitted

                          *[signature]*

                    By:   Adanna Ugwonali, Esq. [AU-3226]
                          255 Livingston Street
                          4th Floor
                          Brooklyn, New York 11217
                          Tel. No.  : (718) 855-9595
                          Fax No.   : (718) 855-9494